UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-5132(DSD/HB)

Jason Heroux,

        Plaintiff

v.                                                              **ORDER**

Callidus Portfolio Management
Inc. and Messerli & Kramer, P.A.,

        Defendants.

    Darren B. Schwiebert, Esq. and DBS Law LLC, 301 Fourth Avenue South, Suite 280N, Minneapolis, MN 55415, counsel for plaintiff.

    Derrick N. Weber, Esq., Stephanie Shawn Lamphere, Esq. and Messerli & Kramer, P.A., 3033 Campus Drive, Suite 250, Plymouth, MN 55441, counsel for defendants.

This matter is before the court upon the motion for judgment on the pleadings by defendants Callidus Portfolio Management Inc. and Messerli & Kramer, P.A. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion in part.

**BACKGROUND**

This debt-collection dispute arises out of defendants' attempts, through a state court action, to collect on credit card debt allegedly owed by plaintiff Jason Heroux. After Heroux defaulted on the debt, it was charged off and sold to Callidus. Callidus retained Messerli to collect the debt. Compl. ¶ 8. On

April 12, 2016, defendants served Heroux with a state court complaint seeking $1,665.11 plus accrued and continuing interest. Answer Ex. A at 4. Defendants did not file the complaint at that time. Heroux answered the complaint on March 16, 2017, denying any liability and asserting various affirmative defenses. Id. at 12-13. Defendants served Heroux with their first set of "interlocking discovery" on April 4, 2017, and filed the case in Hennepin County the following day. Id. at 6, 17, 20-29. Defendants then moved for summary judgment. Heroux did not respond to the discovery, oppose the summary judgment motion, or appear for the summary judgment hearing. Id. at 56-57. The court determined that, based on the evidence and Heroux's failure to respond, defendants were entitled to judgment and an award of $2,881.57. Id. at 56-59.

On November 16, 2017, Heroux commenced this suit against defendants alleging that the state-court action violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, et seq, in several respects. Heroux specifically alleges that defendants violated the FDCPA by (1) serving misleading discovery; (2) seeking false admissions through discovery; (3) misrepresenting the identity of the creditors; (4) impermissibly seeking to collect post charge-off interest; and (5) seeking to collect affidavit costs. Defendants now move to dismiss arguing that the court lacks jurisdiction and, alternatively, that the complaint fails to state a claim.

**DISCUSSION**

**I.   Standard of Review**

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Ashley Cty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Thus, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II.   Rooker-Feldman Doctrine**

Defendants argue that the court is precluded from hearing this matter under the Rooker-Feldman doctrine because Heroux is effectively appealing the state court's judgment. The court disagrees.

3

The Rooker-Feldman doctrine is implicated when a federal action is commenced by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Under the doctrine, federal district courts are without jurisdiction to review state-court judgments or to address federal claims with allegations that are inextricably intertwined with a state-court decision. Prince v. Ark. Bd. of Exam'rs in Psychology, 380 F.3d 337, 340 (8th Cir. 2004). However, if a federal plaintiff presents an independent claim, even "one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon, 544 U.S. at 293 (citation omitted); see also Hageman v. Barton, 817 F.3d 611, 614 (8th Cir. 2016) ("The doctrine is limited in scope and does not bar jurisdiction over actions alleging independent claims arising from conduct in underlying state proceedings.").

The Rooker-Feldman doctrine "bars both straightforward and indirect attempts by a plaintiff to 'undermine state court decisions.'" Prince, 380 F.3d at 340 (quoting Lemonds v. St. Louis Cty., 222 F.3d 488, 492 (8th Cir. 2000)). A claim is inextricably intertwined under Rooker-Feldman if it "succeeds only to the extent

that the state court wrongly decided the issues before it [or] if the relief requested ... would effectively reverse the state court decision or void its ruling." Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1035 (8th Cir. 1999) (citation omitted).  The fact that a judgment was entered on a party's default does not alter the applicability of the Rooker-Feldman doctrine and renders the court without jurisdiction over defenses to the state court action that the defaulting party failed to raise.[1]  See id. (holding that a federal district court cannot amend a state court default judgment based on claims and defenses the losing party failed to raise).

Here, Heroux does not seek relief from the state-court judgment, nor does he claim that he has been injured by that judgment.  Rather, Heroux asserts that defendants violated the FDCPA based on their "actions in the process of obtaining the judgment." Hageman, 817 F.3d at 616.  The Eighth Circuit has held that Rooker-Feldman does not apply to such actions. Id.; see also Worley v. Engel, No. 17-1105, 2017 WL 3037558, at *2 (D. Minn. July 18, 2017) (determining that Rooker-Feldman did not apply because the plaintiff did not seek review of the state-court judgment, but instead complained of injuries caused by alleged FDCPA violations in the underlying action); Ness v. Gustel Chargo, PA, 933 F. Supp. 2d 1156, 1162 (D. Minn. 2013) ("Rooker-Feldman does not bar an

---

[1] Heroux effectively defaulted in the state-court action by failing to appear after answering the complaint.

5

FDCPA claim challenging only a defendant's debt-collection practices, without challenging the validity of the state-court judgment."). As a result, Rooker-Feldman does not bar Heroux's claims.

**III. Preclusion**

Defendants also argue that res judicata and collateral estoppel bar Heroux's claims. Under res judicata, a judgment on the merits bars a subsequent suit for the same cause of action including all alternative theories of recovery that could have been asserted earlier. Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004). The doctrine of collateral estoppel more narrowly bars the re-litigation of an issue that was "distinctly contested and directly determined" in an earlier adjudication. Id. at 837.

Because the court has already concluded that the issues raised in the underlying case are separate and distinct from those raised here, the court must also conclude that principles of claim and issue preclude do not apply. Indeed, the claims in this case are centered on defendants' conduct in the state-court action. As such, the instant claims could not have been raised in that case, and Heroux is free to raise them for the first time here. See Peterson v. United Accounts, Inc., 638 F.2d 1134, 1137 (8th Cir. 1981) ("Although there is some overlap of issues raised in both cases ... the suit on the debt brought in state court is not logically related to the federal action initiated to enforce

6

federal policy regulating the practices for the collection of such debts.").

## IV. Adequacy of Pleading

### A. Debt Collector Status

Callidus argues that it should be dismissed from this case because it is not a "debt collector" as defined by the FDCPA.

Congress enacted the FDCPA to protect consumers "in response to abusive, deceptive, and unfair debt collection practices." Schmitt v. FMA Alliance, 398 F.3d 995, 997 (8th Cir. 2005). "A debt collector may not use false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). Meanwhile, a creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Id. § 1692a(4). "A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." Schmitt, 398 F.3d at 998.

The complaint alleges that Callidus is a debt collector by essentially reciting the elements set forth in § 1692a(6). Compl. ¶ 5. Callidus denies that it is a debt collector and asserts that it is simply a passive debt buyer that forwards its accounts to third parties for collection. At least with respect to this case, there is no dispute that Callidus is not a debt collector, because in the state court action, it was collecting a debt on its own account. Under recent United States Supreme Court precedent, this fact is dispositive. In <u>Henson v. Santander Consumer USA Inc.</u>, 137 S. Ct. 1718, 1721–22 (2017), the Court held that a debt purchaser "may indeed collect debts for its own account without triggering" the FDCPA. As a result, Callidus must be dismissed from the case.[2]

**B.   Sufficiency of Allegations**

Heroux claims that Messerli violated several provisions of the FDCPA. "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]." <u>Strand v. Diversified Collection Serv., Inc.</u>, 380 F.3d 316, 317–18 (8th Cir. 2004) (citations and internal quotation marks omitted). "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not

---

[2] The court will only reference Messerli going forward.

violate the FDCPA." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1056 (8th Cir. 2002) (citation and internal quotation marks omitted).

### 1. Interest

Heroux first alleges that Messerli violated § 1692f(1) in the underlying lawsuit by requesting pre-judgment interest at a rate of six percent under the contract and post-judgment interest under Minn. Stat. § 549.09. Compl. ¶ 44; Answer Ex. A at 50. Specifically, Heroux asserts that the original creditor waived pre-judgment interest by failing to provide him with statements showing the accumulation of interest post charge-off. Id. ¶ 46. He also claims, rather confusingly, that Messerli improperly requested interest under Minn. Stat. § 334.01 instead of § 549.09.[3] Neither the underlying complaint nor the summary judgment motion identifies the statutory authority for interest, however. And Messerli's request for costs and disbursements cites to § 549.09 as the authority for post-judgment interest. Answer Ex. A at 50. This inconsistency alone is sufficient to warrant dismissal.[4] Additionally, having a "valid legal defense to the application of

---

[3] Compounding the confusion, Heroux argues that "as a matter of law, §549.09, and not §334.01, is not the applicable interest statute in Minnesota." Pl's. Opp'n Mem. At 23-24 (emphases added).

[4] Further, the Minnesota Supreme Court has never "discussed the interplay between section 334.01 and section 549.09[,]" thus leaving the issue open. Hogenson v. Hogenson, 852 N.W.2d 266, 273 (Minn. Ct. App. 2014).

the [interest] statute does not mean that [the debt collector] attempted to collect interest that is not permitted by law." Hill v. Accounts Receivable Servs., LLC, No. 16-4356, 2018 WL 1864720, at *2 (8th Cir. Apr. 19, 2018). As a result, the interest claim is dismissed.

### 2. Affidavit Costs

Heroux next alleges that Messerli violated § 1692e by requesting $3.00 in affidavit costs in the underlying case without actually incurring such costs. Id. ¶¶ 53-56. Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Even assuming costs imposed following judgment on the debt falls within this provision, it is undisputed that Messerli incurred affidavit costs in serving the complaint on Heroux.[5] Answer Ex. A at 51; Compl. 54. Therefore, Heroux cannot maintain his claim on this basis. For the same reason, this claim also fails to the extent it is based on § 1692f(1).

### 3. Creditor Name

Heroux contends that Messerli violated § 1692e by incorrectly identifying Callidus as "Callidus Portfolio Management" rather than "Callidus Portfolio Management Inc.," which is its registered name

---

[5] The fact that Messerli also requested $35 in fees for "Sheriff's/Metro Legal Services Fees" does not establish that Messerli did not also incur the $3.00 affidavit fee. See Answer Ex. A at 51.

in Minnesota. He also alleges that Messerli misidentified Callidus's predecessor in interest as HSBC Bank N.A. rather than HSBC Bank Nevada, N.A. Neither technical error supports a claim under the FDCPA.

In <u>Hill</u>, the Eighth Circuit applied a materiality standard to § 1692e. 2018 WL 1864720, at *1. The court was persuaded by <u>Hahn v. Triumph Partnerships, LLC</u>, 557 F.3d 755, 758 (7th Cir. 2009), which held that "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." In other words, "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act] - even if it is false in some technical sense." <u>Id.</u> (quotation marks and citation omitted). Here, the minor errors in the corporate names would not mislead even an unsophisticated consumer about the identities of the creditors. This claim is also dismissed.

### 4. Discovery Requests

The crux of Heroux's complaint is that Messerli violated the FDCPA by serving "interlocking discovery" designed to deceive, mislead, and confuse. The court has carefully reviewed the complaint and the discovery requests and finds that Heroux has adequately stated a plausible claim. <u>See</u> <u>Dakowa v. MSW Capital, LLC</u>, No. 16-2753, 2017 WL 662975, at *5-7 (D. Minn. Feb. 17, 2017) (denying debt collector's motion to dismiss a claim based on similar interlocking discovery). As a result, the court denies the

motion to dismiss on this claim.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for judgment on the pleadings [ECF No. 12] is granted in part as set forth above; and

2. Callidus Portfolio Management Inc. is dismissed from the case with prejudice.

Dated: May 1, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court
